IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy James Wright, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 8:24-3557-BHH |
| v. ) | |
| ) | **ORDER** |
| Warden of Ridgeland Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the Court on Petitioner Timothy James Wright's ("Petitioner" or "Wright") *pro se* amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 4.) On December 2, 2024, Respondent filed a motion for summary judgment. (ECF No. 21.) Despite being granted an extension of time to respond to Respondent's motion, Petitioner did not file a response to the motion. (*See* ECF Nos. 22, 32.) Petitioner filed a motion to stay, however, to which Respondent also did not file a response. (ECF No. 30.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for initial review.

On May 2, 2025, Magistrate Judge William S. Brown filed a Report and Recommendation ("Report") outlining the issues and recommending that the Court grant Respondent's motion for summary judgment and deny Petitioner's motion to stay. (ECF No. 36.) Petitioner filed objections to the Magistrate Judge's Report on June 16, 2025, and the matter is ripe for review. (ECF No. 41.)

After careful review, and for the following reasons, the Court overrules Petitioner's

objections, adopts the Magistrate Judge's Report; grants Respondent's motion for summary judgment; and denies Petitioner's motion to stay.

## BACKGROUND

Petitioner is currently confined in the Tyger River Correctional Institution of the South Carolina Department of Corrections. ("SCDC"), serving a term of life imprisonment. *See* SCDC Inmate Search, https://public.doc.state.sc.us/scdc-public/ (last accessed Sept. 8, 2025).

Petitioner was indicted by the Charleston County Grand Jury in June of 2013 for murder and possession of a firearm during the commission of a violent crime. (ECF No. 20-3 at 707-10.) On February 2, 2015, Petitioner proceeded to a jury trial before the Honorable J.C. Buddy Nickolson, Jr. ("the trial court"), at which trial Ted Smith and Martha Kent Runey represented Petitioner. (ECF No. 20-1 at 3.) The jury convicted Petitioner, and the trial court sentenced Petitioner to life imprisonment. (ECF No. 20-3 at 30-50.)

Petitioner filed a direct appeal, represented by Kristy Goldberg, and raised the following issue on appeal:

> Did the trial judge abuse his discretion and violate the Appellant's due process rights by considering information presented in sentencing obtained from past incident reports that did not result in convictions when the defendant had no notice that these prior incidents would be addressed and no opportunity to rebut this information?

(ECF No. 20-3 at 53, 56.)

On March 7, 2016, the South Carolina Court of Appeals affirmed Petitioner's conviction and sentence. (*Id.* at 287.)

Petitioner filed a pro se application for post-conviction relief ("PCR") on September 4, 2018, raising the following grounds for relief:

2

> 4th, 5th, 6th, 13th, 14th, 15th Amendment violations; fraud upon the court, due process violations; subject matter jurisdiction; ineffective assist. counsel.
> I give all parties judicial notice that I intend to amend this PCR once legal counsel is appointed; memorandum of law will then follow highlighting issues.

(ECF No. 20-3 at 110.) Respondent filed a return and motion for more definite statement, and Petitioner, represented by James Falk, ultimately filed an amended PCR application adding the following grounds for relief:

> 1. Prior to sentencing, the State advised the court that defendant had a prior conviction for 3rd degree Assault and Battery. The State then summarized the facts from the incident report leading to that arrest. Additionally the State advised the court that there were two prior incident reports which did not lead to an arrest but which alleged criminal domestic violence. The state then summarized the facts from those incident reports. The issue of whether or not the trial court abused its discretion in considering this information for sentencing purposes was raised on appeal. In a *per curiam* decision, the Court of Appeals held that the issue was not properly preserved for review. Applicant therefore respectfully contends that trial counsel was ineffective for:
>
>> a. Not objecting to the State's disclosure of the alleged facts underlying the June 2, 2012 conviction for 3rd degree assault and battery; and the July 2001 and September 2003 criminal domestic violence allegations for which no arrest warrant was issued.
>>
>> b. Not requesting a continuance of the sentencing hearing in order to allow counsel time to prepare to rebut the allegations from these three incidents.
>
> 2. Counsel was ineffective for failing to object to the admission of State's exhibit 173 which was referred to as the "Concerned Citizen Letter". The letter was unsigned and the State acknowledged that it did not know who authored the letter. The content of the letter was hearsay and trial counsel should have objected to the introduction of the letter. The parties later agreed to withdraw the introduction of exhibit 173. The exhibit was withdrawn and later marked as Court's Exhibit 4. The trial court reviewed the content of Court's exhibit 4 prior to sentencing. Even though the jury did not review the contents of the Concerned Citizen letter, trial counsel was ineffective for: 1) not objecting to the letter being marked as a Court's exhibit; 2) not objecting to the State summarizing the content of the letter for the Court; and 3) not objecting [to] the Court reviewing the content of the letter prior to sentencing.

3

    3.    Trial counsel was ineffective for not objecting to the State's improper pitting of witnesses.

(ECF No. 20-3 at 122-23.)

A hearing was held on January 21, 2020, before the Honorable Edgar W. Dickson ("the PCR court"), and Petitioner was represented by Falk. (*Id.* at 124.) The PCR court ultimately filed an order of dismissal on July 7, 2022, finding that Petitioner failed to establish any constitutional deprivation due to ineffective assistance of counsel. (*Id.* at 182-208.)

In the order, the PCR recognized that Petitioner raised the following grounds during the hearing:

> 1.    Applicant added to his allegation that Counsel was ineffective [for] failing to object to the jury charge when the charge delivered by the Court did not include a jury charge on accident and involuntary manslaughter.
>
> 2.    Applicant also added to his allegations that counsel was [ineffective for] failing to object to the five year sentence for the possession for weapon during the commission of crime, as it was an illegal sentence pursuant to State v. Palmer.
>
> 3.    Applicant through counsel further asserted that counsel was ineffective for failing to move to strike a juror for cause. Applicant through counsel alleged that during voir dire in this case, a question was asked about: 1) its classification as a domestic violence case, and 2) whether or not anybody was a victim of domestic violence or knew anybody through close family relation who was a victim of domestic violence. In response to these questions several people came forward to speak, one of which being Robin Elsmore. During selection trial counsel was out of strikes by the time Ms. Elsmore was to be decided on and he had to accept her as the 12th juror on this case.
>
> 4.    Applicant had concerns regarding differences between the testimony that was in the warrant affidavits and the actual testimony from the daughter of the witness. In a reading of the affidavits supporting the arrest warrants and the indictments it appeared as though the daughter of the victim witnessed the shooting, however in actual testimony it was discovered that she did not witness the shooting but arrived on the scene immediately

afterwards. Applicant claims there is a significant difference between the facts as alleged and the facts that were brought forward.

5.   Applicant alleges trial counsel was ineffective failing to address a juror who Applicant asserted had a fear of hostility towards him. Applicant claims that through the duration of the trial one of the jurors seemed to give him "the evil eye". Applicant brought these suspicious to the attention of trial counsel and feels as though their failure to address that matter was inappropriate.

(*Id.* at 185.)

Petitioner, represented by Lara M. Caudy, filed a *Johnson* petition for a writ of certiorari on February 13, 2023, raising the following issue:

Did the post-conviction relief (PCR) judge err by finding trial counsel was not ineffective when he failed to request a jury instruction on the defense of accident when there was evidence to support the charge, or for not placing such a request on the record thereby failing to preserve the issue for appellate review, and where Petitioner was prejudiced by counsel's deficient performance because there is a reasonable probability the outcome of Petitioner's trial would have been different if the jury was properly charged on accident?

(ECF No. 20-5 at 3.)  The Supreme Court of South Carolina transferred the appeal to the Court of Appeals on May 9, 2023, and on May 7, 2024, the Court of Appeals denied certiorari.  (ECF Nos. 20-6, 20-7.)  The remittitur was issued on June 27, 2024, and Petitioner filed the instant § 2254 petition on June 27, 2024. (ECF Nos. 20-8, 1.) Petitioner filed his amended petition on July 8, 2024.  (ECF No. 4.)  Petitioner raises the following grounds in this action:

GROUND ONE: The post conviction relief (PCR) judge erred by finding trial counsel was not was [sic] evidence to support the charge, or not placing such a request on [the record thereby failing to preserve the issue for appellate review, and where Petitioner was prejudice[d], there is a reasonable probability that but for the result of the proceeding] would have been different.  The state court decision, involved an unreasonable application of clearly established Federal law as determine[d] by the Supreme Court of the United State[s]. 28 US.C.A. Title 2254(d)(1).

5

>  Supporting Facts: [ ] William Ted Smith, Petitioner's trial counsel, testified that he requested the trial court charged [sic] the jury on the lesser included offense of involuntary manslaughter and on the defense of accident.  While the Court refused to charge[ ] accident, it agreed to charge[ ] involuntary manslaughter.  Smith believed there was evidence to support a charge on accident based on Petitioner's testimony.  He admitted he failed to preserve his request to charge[ ] accident for appellate review because the charge conference took place off record and he did not object to the [charge] that was given to the jury.
>
>  Ground Two: Ineffective assistance of counsel for (1) not objecting to the State's disclosure of alleged facts underlying the June 2, 2012 conviction for 3rd degree assault and battery, and the July 2001 and Septem[b]er 2003, criminal domestic violence allegations where no arrest was [sic] time to prepare to rebut the allegatio[n]s from these incidents.
>
>  Supporting Facts: [ ] Applicant alleges that trial counsel was ineffective for failing to object to the use and disclosure of incident reports where no arrest was issued in consideration for sentencing, and ineffective [for] failing to request a continuance [to] rebut the allegations.  This court finds the issues are without merit and dismisses the[m] without prejudice.
>
>  Ground Three: THE COURT DID NOT CHARGE THE JURY WITH CRIMINAL INTENT AN ELEMENT OF MURDER.  A FREE STANDING CLAIM.
>
>  Supporting Facts: [ ] Instruction that allow[s] a jury to convict without finding every element of the crime violates In re Winship's requirement, that every fact necessary to constitute the crime must be proven beyond a reasonable doubt.  In Re Winship, 397 U.S. 358, 364, (1970).  Due process requires [a] criminal conviction to rest upon a jury determination that the defendant is [g]uilty of [the] element[s] of the crime which he is charged beyond a reasonable doubt.  United States v. Gaudin, 515 U.S. 506, 510, 115 S.Ct. 2310 (1995).  To establish[ ] ineffectivenes[s], a defendant must show that counsel's representation fell below an objective standard of reasonableness.  To establish prejudice he must show that there is a reasonable probability that, but for counsel's unprofessional[l] errors, the result of the proceeding would have been different.

(ECF Nos 1, 4 at 16-18.)

Respondent filed a motion for summary judgment on December 2, 2024.  (ECF Nos. 20, 21.)  The Court advised Petitioner of the summary judgment procedures and instructed

6

him to respond to the motion; however, despite being granted an extension of time, Respondent never filed a response to the motion. (ECF Nos. 22, 32.) Petitioner did, however, file a motion to stay on February 28, 2025. (ECF No. 30.)

## **STANDARDS OF REVIEW**

### I. The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### II. Summary Judgment

To grant a motion for summary judgment, this Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The Court is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty*

7

*Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

## DISCUSSION

**I.     Habeas Corpus Relief**

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In *Williams v. Taylor*, 529 U.S. 362 (2000), the Supreme Court explained that § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. *Id.* at 404-05. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in controlling cases, or if it decides a case differently than the Supreme Court has done on

a set of materially indistinguishable facts. *Id.* at 405-06. A federal habeas court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from Supreme Court decisions but unreasonably applies it to the facts of the particular case. *Id.* at 407-08. Factual determinations made by the state "shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## II.     Exhaustion and Procedural Bar

Before a Petitioner can obtain relief under § 2254, he must first clear a series of procedural hurdles. For example, a state prisoner must exhaust his state court remedies by "present[ing] his claim to the state's highest court" before a federal court can grant relief on the merits of a claim.[1] *Mahdi v. Stirling*, 20 F.4th 846, 892 (4th Cir. 2021); *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). Thus, "[t]he exhaustion doctrine bars a claim if it is raised for the first time in a federal habeas petition." *Mickens v. Taylor*, 240 F.3d 348, 356 (4th Cir. 2001) (en banc); *see also Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998).

In other words, to exhaust a federal habeas corpus claim, a petitioner must "fairly present[ ] to the state court both the operative facts and the controlling legal principles associated with each claim." *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004)

---

[1] The exhaustion requirement exists to promote comity within our federal system. As the Supreme Court has explained:

> Because "it would be unseemly in our dual system of government for a federal district court to upstate a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant on the litigation, have had an opportunity to pass upon the matter."

*Rose v. Lundy*, 455 U.S. 509, 518 (1982) (quoting *Darr v. Burford*, 399 U.S. 200, 204 (1950)).

(citation and internal quotation marks omitted). This means that a petition must present the claim to the state court "face-up and squarely." *Id.* Otherwise, the state will be deprived of its "opportunity to correct the constitutional violation in the first instance." *Id.* (internal quotation marks omitted).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default–often referred to as a procedural bar–one example of which occurs 'when a habeas petitioner fails to exhaust available state remedies and the court to which [he] would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Mahdi*, 20 F.4th at 892 (quoting *Breard*, 134 F.3d at 619) (internal quotation marks omitted). Another way procedural default occurs is when "a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for dismissal." *Breard*, 134 F.3d at 619.

Nevertheless, because the requirement of exhaustion is not jurisdictional, in very limited circumstances a federal court may consider claims that have not been presented to the highest South Carolina court with jurisdiction. *Granberry v. Greer,* 481 U.S. 129, 131 (1989). Specifically, a federal court may review a procedurally defaulted claim if the petitioner can demonstrate sufficient cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim would result in a miscarriage of justice because the petitioner is actually innocent. *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). "Cause" is defined as "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n. 24 (1999) (quoting *Murray*, 477

10

U.S. at 488). A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Murray*, 477 U.S. at 495-96. Absent a showing of cause, the court is not required to consider actual prejudice. *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he also must show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. A petitioner must show an actual and substantive disadvantage as a result of the error, not merely the possibility of harm.

As an alternative to demonstrating cause for failure to raise a claim, a petitioner may show a miscarriage of justice. To demonstrate a miscarriage of justice, the petitioner must show that he is actually innocent. *See Murray*, 477 U.S. at 496 (holding that a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of someone who is actually innocent"). Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

### III.     Ineffective Assistance of Counsel

The Sixth Amendment requires that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense," and that such assistance be effective. U.S. Const. Amend. VI; *Strickland v. Washington*, 466 U.S. 668, 686 (1984). A meritorious ineffective assistance claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. *Id.* at 687-98. The first part of the test, a court's evaluation of

11

counsel's performance, must be "highly deferential" under this standard, so as not to "second-guess" the performance. *Id.* at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks and citation omitted); *see also Fields v. Attorney Gen. of Maryland*, 956 F.2d 1290, 1297-99 (4th Cir. 1992); *Roach v. Martin*, 757 F.2d 1463, 1476 (4th Cir. 1985). To establish prejudice and thereby fulfill the second prong of the ineffective assistance test, the challenging defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694-95. Additionally, as the Supreme Court explained in *Harrington v. Richter*:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential,"[ ], and when the two apply in tandem, review is "doubly" so [ ]. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. [ ] Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

562 U.S. 86, 105 (2011) (internal citations omitted). "For purposes of § 2254(d)(1), 'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" *Id.* at 101 (quoting *Williams v. Taylor*, 529 U.S. 362, 410 (2000). Ultimately, "[a] state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.*

## IV. Petitioner's Claims and the Court's Review

In his Report, the Magistrate Judge first recommends that the Court dismiss this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982), based on Petitioner's failure to respond to Respondent's motion for summary judgment. (ECF No. 36 at 16.) Nevertheless, to the extent Petitioner's motion to stay may be construed as a response to the motion for summary judgment, the Magistrate Judge also considers the merits of Petitioner's claims, and this Court will do the same.

<u>Ground One</u>

In ground one, Petitioner alleges that the PCR court erred in finding that trial counsel was not ineffective for failing to preserve Petitioner's appellate rights regarding his request for a charge on accident. (ECF Nos. 1,4 at 16.)

The Magistrate Judge thoroughly outlined the PCR court's findings as to this issue and ultimately found that Petitioner has not presented any argument or legal authority to suggest that the PCR court erred in its analysis. (ECF No. 36 at 16-18.) The Magistrate Judge noted that the PCR court applied *Strickland* and found trial counsel's testimony credible, and the Magistrate Judge explained that the PCR court's credibility findings are entitled to great deference by this Court. The Magistrate Judge also noted that Petitioner failed to show prejudice because the jury did hear and consider Petitioner's testimony about the circumstances surrounding the shooting along with the conflicting evidence as to whether the shooting was an accident.

In his objections, Petitioner asserts that "where Counsel has failed to request a

charge on the record and preserve the issue for appellate review is a classic case of ineffective assistance of counsel." (ECF No. 41 at 4-5.)  In all, Petitioner repeats his assertion that counsel was ineffective for failing to make a contemporaneous objection on the record for the jury instruction of accident, "thus failing to preserve a meritorious jury question, the issue at hand, whether or not this was an accident." (*Id.* at 5.)

After *de novo* review, the Court finds no merit to Petitioner's objection.  As an initial matter, and leaving aside the fact that Petitioner's objection completely overlooks the deference that this Court gives to the PCR court findings as to credibility (as well as the fact that Petitioner has failed to present any evidence at all to show that the PCR court erred in its credibility findings), the Court notes that even if Petitioner could somehow show deficient performance on the part of trial counsel, he has not shown any prejudice.  As the Magistrate Judge properly noted, despite the trial judge's denial of a charge on accident, the jury heard Petitioner's testimony about the circumstances surrounding the shooting, and the jury was able to weigh Petitioner's testimony with the other conflicting evidence about whether the shooting was an accident.  Therefore, the Court overrules Petitioner's first objection and affirms the Magistrate Judge's findings.

Ground Two

In ground two, Petitioner alleges ineffective assistance of counsel based on trial counsel's failure to object to certain information (related to prior allegations of violence by Petitioner) that was considered by the trial court when sentencing Petitioner.  (ECF Nos. 1, 4 at 16-17.)

In the Report, the Magistrate Judge repeated at length the PCR court's specific findings on this issue and again noted that Petitioner failed to present any argument or legal

authority to suggest that the PCR court erred. (ECF No. 36 at 19-21.)

In his objections, Petitioner does not specifically respond to the Magistrate Judge's findings as to ground two. After review, whether under a *de novo* or a clear error standard, the Court finds no error in the Magistrate Judge's analysis and fully agrees with the Magistrate Judge that the PCR court properly applied *Strickland* in finding that trial counsel was not deficient with respect to the handling of the incident reports considered by the trial court, particularly in light of the established South Carolina law recognizing the broad discretion that trial courts have in considering information at a sentencing hearing. Accordingly, the Court affirms the Magistrate Judge's findings as to ground two.

Ground Three

As a third ground for relief, Petitioner asserts that the trial court erred by failing to provide a jury charge on criminal intent. (ECF No. 1, 4 at 17-18.)

In his Report, the Magistrate Judge noted that ground three is the subject of Petitioner's motion to stay (in light of Petitioner's second PCR application, which was filed on May 30, 2024). (ECF No. 36 at 22.) After consideration of Petitioner's argument, however, the Magistrate Judge found that Petitioner failed to show good cause to support a stay and failed to show that this claim would be meritorious. (*Id.* at 23.) The Magistrate Judge explained that this ground is likely procedurally barred because there is no evidence to suggest that Petitioner raised it prior to filing his federal petition. Furthermore, the Magistrate Judge noted that, contrary to Petitioner's claim, the trial jury did charge the jury with criminal intent for murder. (*Id.*; *see also* ECF No. 20-3 at 15:15-17:14.)

In his objections, Petitioner asserts that the Magistrate Judge erred in failing to apply the *de novo* standard to ground three as a free standing trial court structural error that

15

warrants reversal of his conviction, and Petitioner further objects to the Magistrate Judge's finding that there is no record to suggest that Petitioner raised ground three prior to filing the instant § 2254 petition. (ECF No. 41 at 6-7.) Petitioner also asserts that the Magistrate Judge misapplied the *Martinez v. Ryan* exception. (*Id.* at 8.)

After *de novo* review, the Court finds Petitioner's objections unavailing. Indeed, the Court fully agrees with the Magistrate Judge that Petitioner has failed to show good cause warranting a stay. Furthermore, as the Magistrate Judge noted, the trial court *did* charge the jury on criminal intent for murder. Regardless, the Court also agrees with the Magistrate Judge that Petitioner is effectively seeking review of the trial court's application of state law in making a charging decision, whereas this Court is limited to determining whether Petitioner's conviction violated the Constitution or other laws of the United States. Ultimately, the Court finds no basis to conclude that Petitioner's conviction violates the Constitution or other laws of the United States. As such, the Court agrees with the Magistrate Judge that Respondent is entitled to summary judgment on ground three at this time.

## CONCLUSION

Based on the foregoing, the Court overrules Petitioner's objections (ECF No. 41); the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 36); the Court grants Respondent's motion for summary judgment (ECF No. 21); the Court denies Petitioner's motion to stay (ECF No. 30); and this matter is ended.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

September 8, 2025
Charleston, South Carolina

## **CERTIFICATE OF APPEALABILITY**

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, the Court finds that the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.